UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT J. SIDDOCK,
        Plaintiff,

-v-

GRAND TRUNK WESTERN RAILROAD
INC., a Delaware corporation and subsidiary
of Grand Trunk Corporation and Canadian
National / Illinois Central; successor to
Grand Trunk Western Railroad Company,
a corporation; and LANSING BOARD OF
WATER AND LIGHT, a Municipal Corporation,
        Defendants.

Case No. 1:07-cv-807

HONORABLE PAUL L. MALONEY

OPINION AND ORDER GRANTING DEFENDANT LANSING BOARD OF WATER AND
LIGHT'S MOTION TO DISMISS

This Court has before it Defendant Lansing Board of Water and Light's Motion to Dismiss (Dkt. No. 5) filed under Rule 12(b)(6). Plaintiff Siddock has filed a response (Dkt. No. 12). Defendant filed a reply (Dkt. No. 13). Neither party has requested oral argument and this Court does not find oral argument necessary to resolve issues presented. *See* W.D. MICH. L.CIV.R. 7.2(d).

I. BACKGROUND

Plaintiff Siddock's amended complaint (Dkt. No. 2) includes two counts. Count I alleges a claim under the Federal Employer's Liability Act against Defendant GTW. Count II alleges a negligence claim under Michigan common law against Defendant BWL. Plaintiff alleges, while working for Defendant Grand Trunk Western Railroad (GTW), he suffered injuries on September 23, 2004. (Complaint ¶ 1). Plaintiff was working as a brakeman and was attempting to operate a switch used for switching railroad cars. (*Id.* ¶¶ 3 and 5). The switch "hung up and caused injury to Plaintiff." (*Id.* ¶ 7). The railroad tracks and switches were located on property owned by Defendant

Lansing Board of Water and Light (BWL), a municipal corporation. (*Id.* ¶¶ 10 and 11).[1]

## II. LEGAL FRAMEWORK

This Court may exercise supplemental jurisdiction over Count II under 28 U.S.C. § 1367. When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a district court must construe the complaint in a light most favorable to the plaintiff, accept as true all of the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Evans-Marshall v. Bd. of Educ. of Tripp City Exempted Vill. Sch. Dist.,* 428 F.3d 223, 228 (6th Cir. 2005). However, a court does not accept as true unwarranted factual inferences or legal conclusions alleged in the complaint. *Directv, Inc.*, 487 F.3d at 476. A claim lacking factual merit is more properly addressed under the summary judgment rule. *Evans-Marshall*, 428 F.3d at 228. The defendant has the burden of establishing that the plaintiff has failed to state a claim upon which relief may be granted. *Directv, Inc*, 487 F.3d at 476. When considering whether to grant a 12(b)(6) motion, the court primarily considers the allegations in the complaint, but may also take into account items appearing in the record of the case and matters of public record. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (explaining that a court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint (quoting *Neiman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)). *See also New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (holding a court, in a 12(b)(6) motion, may consider materials beyond the complaint

---

[1] Plaintiff's amended complaint includes paragraphs 1-8 which apply to both counts. Plaintiff starts the allegations under each count starting with paragraph 9, so that there are two paragraph 9s, two paragraph 10s, etc. Any reference to a paragraph in the amended complaint greater than the number 8 references the allegations under Count II, not the allegations under Count I.

if the documents are matters of public record or are otherwise appropriate for the taking of judicial notice).

The United States Supreme Court recently held, in order to survive a 12(b)(6) motion, a complaint need only provide sufficient factual allegations to raise a right to relief above the speculative level, on the assumption that the factual allegations in the complaint are true. *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964-1965 (2007). *See also Erickson v. Pardus*, ___ U.S. ___, 127 S.Ct. 2197, 2200 (2007) (per curiam) ("Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" (quoting *Twombly*, 127 S.Ct. at 1064 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)))). The Court cautioned that a complaint must include more than a formulaic recitation of the elements of a cause of action. *Twombly*, 127 S.Ct. at 1965. The Court explained a plaintiff "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Finally, the Court retired the "no set of facts" standard often quoted in 12(b)(6) motions. *Id.* at 1969 ("The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard; once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.").

III. ANALYSIS

    A. MOTION TO DISMISS

Defendant BWL moves to dismiss the claim against it on the basis that it is immune from tort liability under state law. Defendant argues none of the six enumerated exceptions to the immunity statute apply in this situation.

In a diversity action or in a federal question action involving pendant state claims, a federal court must look to state law to determine whether governmental immunity applies to a state law claim. *Livermore v. Lubelan,* 476 F.3d 397, 407 (6th Cir. 2007) (discussing the ability to appeal a decision denying immunity under state law). *See generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1939). Michigan law affords immunity to government agencies. Michigan's governmental tort liability act, M.C.L. § 691.1401 *et seq.*, states "except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." M.C.L. § 691.1407(1); *Wesche v. Mecosta County Rd. Comm'n*, 480 Mich. 75, ___ N.W.2d ___, 2008 WL 899218 at *2 (2008). The Michigan Legislature has defined a number of phrases in the Act.[2]

---

[2]Included among the definitions are

(a) "Municipal corporation" means a city, village, or township or a combination of 2 or more of these when acting jointly.
(b) "Political subdivision" means a municipal corporation, county, county road commission, school district, community college district, port district, metropolitan district, or transportation authority or a combination of 2 or more of these when acting jointly; a district or authority authorized by law or formed by 1 or more political subdivisions; or an agency, department, court, board, or council of a political subdivision.
(c) "State" means the state of Michigan and its agencies, departments, commissions, courts, boards, councils and statutorily created task forces and includes every public university and college of the state, whether established as a constitutional corporation or otherwise.
(d) "Governmental agency" means the state or political subdivisions.
\*\*\*
(f) "Governmental function" means an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law. Governmental function includes an activity, as directed or assigned by his or her public employer for the purpose of public safety, performed on public or private property by a sworn law enforcement officer within the scope of the law enforcement officer's authority.

The Act includes six enumerated exceptions to governmental immunity: (1) the highway exception at M.C.L. § 691.1402; (2) the motor vehicle exception at M.C.L. § 691.1405; (3) the public building exception at M.C.L. § 691.1406; (4) the governmental hospital exception at M.C.L. § 691.1407(4); (5) the proprietary function exception at M.C.L. § 691.1413; and (6) the sewer overflow and backup exception at M.C.L. § 691.1416. *Wesche,* 480 Mich. 75, 2008 WL 899218 at *2. *See Mack v. City of Detroit*, 467 Mich. 186, 195 n. 8; 649 N.W.2d 47 (2002).[3] The Michigan Supreme Court has instructed courts to read the grant of immunity broadly, while construing the exceptions narrowly. *Nawrocki v. Macomb County Rd. Comm'n*, 463 Mich. 143, 158, 615 N.W.2d 702 (2000).

  A governmental agency enjoys immunity so long as it is engaged in a governmental function and the activity does not fall in one of the enumerated exceptions. *Ross v. Consumers Power Co.*, 420 Mich. 567, 620, 363 N.W.2d 641 (1984). As defined in the Act, "governmental function" includes activities expressly or impliedly authorized by law. M.C.L. § 691.1401(f). When determining whether a governmental agency is performing a governmental function, a court should focus on the general activity, not on the specific conduct giving rise to the complaint. *Tate v. City of Grand Rapids*, 256 Mich. App. 656, 661, 671 N.W.2d 84 (2003) (quoting *Pardon v. Finkel*, 213 Mich. App. 643, 649, 540 N.W.2d 774 (1995)). The definition of "governmental function" is broad and encompasses most of the activities performed by governmental agencies. *Ross*, 420 Mich at 641.

  In *Mack v. City of Detroit*, the Michigan Supreme Court held, because governmental

---

M.C.L. § 691.1401(f).

[3]Footnote 8 in *Mack* lists only five statutory exemptions. The sewer overflow exception, M.C.L. § 961.1416, was added by 2002 Mich. Pub. Acts No. 222, effective Jan. 2, 2002.

immunity is a characteristic of government, a "plaintiff must plead her case in avoidance of immunity." *Id.* The Court also expressly overruled *McCummings v. Hurley Med. Ctr.*, 433 Mich 404, 446 N.W.2d 114 (1989) to the extent the holdings were inconsistent. *Id.* The Court provided instructions for plaintiffs to assist them in constructing an appropriate pleading. "A plaintiff pleads in avoidance of governmental immunity by stating a claim that fits within a statutory exception or by pleading facts that demonstrate that the alleged tort occurred during the exercise or discharge of a nongovernmental or proprietary function." *Id.* at 57. The Court noted its holding was consistent with the purpose of preventing "a drain on the state's financial resources, by avoiding even the expenses of having to contest on the merits any claim barred by governmental immunity." *Id.* n. 18.

Under this standard, looking at the complaint only and assuming the facts alleged to be true, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff has the burden of pleading a claim in avoidance of the governmental immunity statute. The complaint does not do so. The complaint alleges Defendant BWL is a municipal corporation. (Complaint ¶ 10). Accordingly, Plaintiff must plead either that Defendant BWL either performed functions outside the scope of its authority or performed activities which implicate one of the enumerated exceptions to the statute. The complaint does neither.

Defendant attaches a copy of the City of Lansing's charter to its motion.[4] The Charter provides the "Board of Water and Light is an administrative board and has been delegated executive and policymaking responsibilities necessary to the proper operation of the agency."

---

[4]This Court finds consideration of the City Charter is appropriate for the purposes of this motion. The document is a public record. Plaintiff did not object to the attachment or references to the document in his response to the motion. Plaintiff did not argue that consideration of the document would require treating the motion to dismiss as a motion for summary judgment.

Lansing, Mich., City Charter, Art. 5, ch. 1 § 102.1 (1995).  The Charter empowers Defendant to "exercise administrative, executive, and policy-making authority over the operation of those City utility services assigned to it."  *Id.* at § 108.1.  Article V, Chapter 2 of the Charter is dedicated to the Board of Water and Light.  This portion of the City Charter begins,  BWL "shall have the full and exclusive management of the water, heat, steam and electric services and such additional utility services of the City of Lansing as may be agreed upon by the Board and the City Council."  *Id.* at ch. 5 § 201.  Defendant BWL is authorized to make contracts, and acquire and sell property.  *Id.* at §§ 203.1 - 203.3.  Defendant BWL may "utilize the streets, alleys, bridges and other public places of the City for the furnishing of public utility services."  *Id.* at § 203.8.  The complaint alleges the "railroad tracks, switches, derails, and all other related appliances, devices, and facilities were under the management, maintenance, operation and control of and in the presence of Defendant BWL."  (Complaint ¶ 12).

   The complaint does not state a claim in avoidance of governmental immunity for performance of a governmental function.  The City Charter broadly authorizes Defendant BWL exclusive management of the City's utilities.  Michigan case law instructs courts to focus on the general activity rather than the specific conduct when determining whether an activity constitutes a "governmental function."  The complaint alleges the switch which caused Plaintiff his injury was under the management and control of Defendant BWL.  Plaintiff's complaint does not allege that maintenance of the railroad switch was a nongovernmental function or that maintenance of the railroad switch falls within an exception to the immunity statute.

   Plaintiff offers several arguments in his response.  First, Plaintiff asserts that the motion should be denied or stayed so that Plaintiff may have an opportunity to conduct discovery and

demonstrate that one of the statutory exceptions applies. Second, Plaintiff insists he is not obligated to allege facts in his complaint to avoid the immunity defense, citing *McCummings* and *Performance Abatement Servs. v. Lansing Bd. of Water & Light*, No. 5-98-cv-70; 1998 U.S. Dist. Lexis 21140 (W.D. Mich. Dec. 7, 1998) (Enslen, J.).

Neither of these first two arguments are reasons to deny Defendant's motion. In *Mack*, the Michigan Supreme Court expressly overruled the portion of *McCummings* which held that a plaintiff need not plead facts to avoid governmental immunity. *Costa v. Cmty. Emergency Mid. Servs.*, 475 Mich 403, 418, 716 N.W.2d 236 (2006) (Kelly, J. dissenting); *Misko v. Grosse Ile Township*, Nos. 227665, 227684, 228464 and 229505, 2002 WL 31934120 at * 6 n. 6 (Mich. App. Nov. 19, 2002) (per curiam). *Performanace Abatement* was issued after *McCummings*, but before *Mack.* Judge Enslen's holding in *Performance Abatement* applied the prevailing state law, which was subsequently altered by the Michigan Supreme Court. This Court is obligated to follow *Mack* rather than *McCummings.* This Court is perplexed by Plaintiff's failure to acknowledge the current state of the law in light of the fact that Plaintiff's response brief cites both *Mack* and *McCummings.*

Plaintiff's wish to pursue discovery in order to find evidence to support his complaint does not relieve him of the obligation to plead sufficient facts to support a claim upon which relief may be granted. The Sixth Circuit has rejected a similar argument. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (dismissing plaintiffs argument that he could not obtain the information required by the pleading standard without discovery because "there is no general right to discovery upon the filing of a complaint. The very purpose of Fed. R. Civ. P. 12(b)(6) 'is to enable defendants to challenge the legal sufficiency of complaints without

subjecting themselves to discovery.'" (quoting *Rutman Wine Co. v. E&J Gallo Winery*, 829 F.2d 729, 238 (9th Cir. 1987)). The Michigan Supreme Court, through a footnote, explicitly rejected the sort of argument advanced here involving the same immunity statute. *See Mack*, 467 Mich. At 203 n. 18. *See also Costa*, 475 Mich. 403, 409-410, 716 N.W.2d 236 (2006) (citing *Mack* and explaining a defendant who qualifies for immunity under the governmental immunity statute need not bear the expense of hiring an expert to prepare an affidavit of meritorious defense under Michigan's medical malpractice statute when the complaint fails to comply with a pleading requirement). A governmental entity need not bear the expenses associated with having to contest the merits of a claim, when a plaintiff fails to plead a claim upon which relief may be granted.

Plaintiff's third argument asserts that several of the exceptions to the immunity doctrine apply here. Plaintiff identifies the possibility that the contractual duty exception, the pecuniary function exception and gross negligence might apply. Plaintiff also asserts maintenance and repair of a railroad switch is not typically a government function. Taking this last assertion first, this Court has already reached the opposite conclusion. Plaintiff cites no case law supporting this assertion. Plaintiff fails to make this assertion in the complaint. Plaintiff does not support this assertion with any reasoning or explanation.

Plaintiff believes a side agreement between the two Defendants may implicate the "contractual duty" exception to immunity. (Plaintiff's Response at 4). Plaintiff argues, without discovery, he is unable to determine whether the switch involved was covered by the side agreement or whether some other contractual duty to the plaintiff "would qualify as an exception to the immunity provision under M.C.L. § 691.1401," citing *Performance Abatement.* (*Id.* at 5).

Plaintiff's statement is confusing. There is no "contractual duty" exception to the immunity statute. Furthermore, *Performance Abatement* does not support Plaintiff's argument. Judge Enslen explained there was some confusion surrounding the third count of the complaint in that case as to whether it alleged a tort or a claim under contract law. *Performance Abatement*, 1998 U.S. Dist. Lexis 21140 at *14. A tort claim would have been barred by the immunity statute while "a claim sounding in contract is not barred by governmental immunity." *Id.* Plaintiff's complaint does not allege a breach of contract, it alleges a claim for negligence.

Plaintiff suggests, because railroad switch maintenance is not a typically a government function, his claim may survive under the pecuniary function exception to the statute. Specifically, Plaintiff states "[t]he maintenance and repair of railroad switches is not typically a government function. Therefore, the plaintiff's claim against the BWL may survive under the 'nongovernmental exception' to immunity or under the 'pecuniary function' exception provided in M.C.L. § 691.1401." (Plaintiff's Response at 5). Plaintiff's statement is again confusing as there is no "pecuniary function" exception to the statute. The proprietary function exception, located under M.C.L. § 691.1413, allows for certain tort suits against governmental agencies when they provide governmental functions "primarily for producing a pecuniary profit for the governmental agency, excluding, however, any activity normally supported by taxes or fees." *See Performance Abatement*, 1998 U.S. Dist. Lexis at *8. Plaintiff's complaint does not attempt to phrase any claim under the proprietary function exception to the immunity statute.

Finally, Plaintiff states the failure to maintain and repair the switch was grossly negligent or reckless and therefore the "gross negligence" exception to the immunity statute under M.C.L. § 691.1401(2)(c) applies. (Plaintiff's response at 5). The gross negligence exception appears at

10

M.C.L. § 691.1407(2)(c). Under that exception, an officer, employee, member or volunteer of a governmental agency whose conduct is grossly negligent and is the proximate cause of the injury is not afforded immunity under the statute. Under this exception, the Legislature has authorized tort suits against certain individuals whose conduct amounts to gross negligence, but has not authorized suits against the governmental agency for whom that individual was working or volunteering. *See Wesche*, 480 Mich. 75, 2008 WL 899218 at *7; *Darrow v. Potterville Sch. Dist.*, No. 256049, 2006 WL 52265 (Mich. App. Jan. 10, 2006) (per curiam). Even if the statute authorized suits against the governmental agency, Plaintiff has not pleaded gross negligence. *See* Complaint ¶ 14.

B.  PLAINTIFF'S REQUEST FOR LEAVE TO AMEND HIS COMPLAINT

In the very last sentence of Plaintiff's response, he requests, as an alternative to dismissal, leave to file an amended complaint. (Plaintiff's Response at 6). Defendant's reply brief argues the request should be denied because any amendment would be futile. (Reply at 6).

The decision to grant a plaintiff's motion to amend the pleadings is within a district court's discretion. *Brumbalough v Camelot Care Ctrs., Inc*., 427 F.3d 996, 1001 (2005). After a responsive pleading is filed, a plaintiff may only amend the pleadings by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires. FED. R. CIV. P. 15(a). When deciding whether to grant a motion to amend, a court should consider whether there has been undue delay in filing the amendment, lack of notice to the opposing parties, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing parties, and futility of amendment. *Brumbalough*, 427 F.3d at 1001. Generally, an amendment would be futile if the amended complaint could not

withstand a 12(b)(6) motion.  *Rose v. Hartford Underwriters Ins. Co.,* 302 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.,* 987 F.2d 376, 382-383 (6th Cir. 1993)).

Motions for leave to file an amended complaint under Rule 15(a) are governed by FED. R. CIV. P. 7(b).  *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006).  Rule 7(b) requires a motion to state the grounds upon which it is made with particularity.  *Id.  See Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, (6th Cir. 2000).  Local Rule 5.7(f) requires the proposed pleading be filed as an attachment to a motion for leave to file an amended complaint.  W.D. MICH. L.CIV.R. 5.7(f).

Plaintiff's request for leave to file an amended complaint is denied for lack of particularity and for futility.  Plaintiff has not identified with any particularity how he would amend the complaint.  A belief, even one in good faith, that an amended complaint could be drafted to survive the Michigan statute does not provide the sort of particularity required by Rule 7(b).  Neither does a good faith belief suffice as an attachment to the motion to amend as required by the local rules.  In light of the above discussion of M.C.L. § 691.1407, the motion is also denied for futility.  Plaintiff has not supplied any indication the conduct giving rise to his injury would fall into one of the enumerated exceptions to the rule.  Plaintiff's expressed hope that some information might be uncovered through discovery further reinforces this conclusion.

III.  CONCLUSION

Defendant BWL's motion to dismiss is granted.  Under Michigan law, Plaintiff must plead in avoidance of the immunity statute.  The complaint alleges Defendant is a municipal

corporation and that Plaintiff's injury was the result of a railroad switch under the management and control of Defendant, facts which establish Defendant is a governmental agency and that the complained of conduct was a governmental function. Plaintiff has not pleaded facts which place that conduct in one of the enumerated exceptions to the immunity statute.

Plaintiff's one sentence request for leave to amend his complaint is denied. Plaintiff had ample opportunity to file an appropriate motion to amend. Plaintiff has not convinced this Court that any amendment would not be futile.

## ORDER

Defendant BWL's motion to dismiss (Dkt. No. 5) is **GRANTED.** Plaintiff Siddock's request for leave to file an amended complaint is **DENIED.** Defendant Lansing Board of Water and Light is hereby **TERMINATED** from this action. **IT IS SO ORDERED.**

Date:   April 28, 2008               /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     United States District Judge